Clawson *v.* Shortridge *et al.*

# IN GENERAL TERM, 1873.

Josiah Clawson *v.* Ambrose F. Shortridge, et al., Appellants.

Depositions—*notice in.*

A notice to take depositions requires only that reasonable precision, to inform the opposite party of the time when, and place where to be taken.

A notice, therefore, to take depositions at a designated office, is sufficiently certain if, by usage it had come to signify the room that had been occupied by a firm as an office, though it was not then used as the office of the parties named in the notice; especially is such notice good if they occupied no other room, jointly, as an office.

*Young— G. & L.,* for appellants.
*Dye & Harris,* for appellee.

PERKINS, J.—Josiah Clawson sued Ambrose Shortridge and others, on account. Trial, finding for plaintiff. Motion for new trial overruled, and judgment on the finding. The defendants appeal to General Term and assign errors, the first of which is, the overruling of a motion to suppress two of plaintiff's depositions.

The motion to suppress was based on the assumed fact that the notice of taking the depositions, specified a fictitious place at which it alleged they would be taken. The notice was given on the 1st day of June, 1872, and as to time and place of taking, was as follows: "The defendants in the above entitled cause are hereby notified that on the 4th day of June, 1872, at the law office of Knight &

Stone, in Brazil, in the County of Clay and State of Indiana, between the hours of 8 o'clock A. M., and 6 o'clock P. M., of said day, before some officer authorized to take depositions, the plaintiff will proceed," &c.

The certificate of the officer to the depositions taken is as follows: "I, Isaac M. Compton, a Notary Public in and for the County of Clay, State of Indiana, do hereby certify that, etc., and that said depositions were taken at the former office of Knight & Stone, now the office of G. A. Knight, in Brazil, Clay county, Indiana, on the 4th day of June, 1872, between the hours of 8 o'clock A. M. and 6 o'clock P. M., of said day, in pursuance, in all respects, to the within and annexed notice."

The affidavit on which the motion to suppress was based, reads thus:

"John Young, being duly sworn, says that he attended as attorney for defendants Shortridge and Brown, on the 4th day of June, at Brazil, pursuant to notice; that there was no such office in Brazil as the office of Knight & Stone; that Stone's office was shut up, and Mr. Stone gone to the country; that at Mr. Knight's office deponent was informed by the clerk in waiting that the depositions were to be taken at the office of Mr. Curtis, attorney, on account of Mr. Knight's absence; that Knight was absent; that deponent waited at the office of Mr. Curtis till 2¼ o'clock P. M., and no parties appeared during that time, and deponent then returned home, believing that no depositions would, or could be taken on that day.

The object of notice of taking depositions is, that the opposite party may appear at the taking, if he desire to do so, and it should inform him, with reasonable precision, of the time and place.

In this case the time is sufficiently certain; the question is as to the place.

The place was the office of Knight & Stone.   The term, office of Knight & Stone, signified a room occupied by those gentlemen; but by usage it might come to signify the room that had been occupied by them as an office, after they had ceased to so occupy it, especially if they occupied no other room jointly as an office.   Such seems to have been the fact in this case; and the notice thus designating that room, the depositions could be taken nowhere else under the notice given, without the consent of the opposite party.   The clerk of Mr. Knight, as such, had nothing to do with the matter. The room was not a fiction.   The affidavit shows that as a fact the notice did enable the opposite party, in due time, to find the room designated as the office of Knight & Stone, where the depositions were to be, and were in fact taken, within the hours specified.   This establishes, as matter of fact, that the notice proved sufficient, and this being so, removes all ground for the motion to suppress in this case, however it might have been, had the fact been otherwise.

All the other errors complained of depended on the question of error in overruling the motion to suppress the depositions.   That motion having been rightly overruled, the depositions were correctly admitted in evidence, and being in evidence, they, with the other testimony, tended to prove the plaintiff's case; and the jury, or Court, sitting as such, having found for the plaintiff, the judgment is affirmed.